**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DAVIS KIBEDI, | No. 10-71196 |
| Petitioner, | Agency No. A097-883-975 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2014**
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

John Davis Kibedi ("Kibedi") petitions for review of a decision of the Board

of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial

of his applications for asylum and withholding of removal.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The IJ determined that Kibedi was not credible on the basis of six alleged inconsistencies relating to his testimony and asylum application. The BIA affirmed relying on five of those inconsistencies. Reviewing the credibility determinations of the IJ and BIA for substantial evidence, we grant the petition for review and remand for further proceedings on an open record. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

Because Kibedi's asylum application was filed prior to the REAL-ID Act, any inconsistencies relied upon by the agency must go to the heart of his claim for asylum. *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir. 1996). And, when the BIA does not adopt the IJ's decision, as here, we are limited to the BIA's conclusions; however, we can look to the IJ's decision "as a guide to what lay behind the BIA's conclusion[s]." *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000).

We address each of the five reasons that the BIA relied upon to affirm the IJ's adverse credibility determination. *See Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003).

**1.** The BIA first noted that although Kibedi's asylum application indicated that he was married on February 3, 1999 in Burundi, he testified before the IJ that he was not married and his application was incorrect. The BIA further identified an inconsistency between Kibedi's history of employment on his asylum

application and his testimony before the IJ, and noted that while Kibedi indicated on his asylum application that he attended high school in Burundi from 1995 to 1997, he testified before the IJ that he only attended school in Burundi for two weeks in 1996 before fleeing to Rwanda. These inconsistencies have no bearing on events central to Kibedi's alleged persecution and do not go to the heart of his claim. *See Martinez-Sanchez v. INS*, 794 F.2d 1396, 1400 (9th Cir. 1986); *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006).

**2**. The BIA and IJ identified a fourth ground, relating to Kibedi's driver's license, for finding him not credible. Before the IJ, Kibedi testified that his father was killed during an attack in Burundi in Janary 2003. However, he also testified that his father had obtained a Burundian driver's license for him so that he would have a form of identification to take back to Rwanda. Examining a copy of the driver's license, the IJ read the date of issuance as "07/02/2003," and found this date to be inconsistent with Kibedi's testimony regarding the death of his father.

The basis for this adverse determination is not supported by substantial evidence because the IJ engaged in speculation. *See Shah*, 220 F.3d 1062, 1071 (9th Cir. 2000) (holding that "[s]peculation and conjecture cannot form the basis of an adverse credibility finding."). Kibedi's Burundian driver's license was difficult to read, and the official translation that accompanied it stated that the

3

location and date of issue were "illegible." Under such circumstances, we have held that it is improper for the IJ to engage in speculation or conjecture about the nature of a document provided by a petitioner. *See Kumar v. Gonzales*, 444 F.3d 1043, 1050 (9th Cir. 2006). Accordingly, this inconsistency cannot support the adverse credibility finding.

**3**. Finally, the BIA and IJ found an overall inconsistency in Kibedi's testimony and documentation regarding his national identity. Kibedi asserted that he was a native and citizen of Burundi and presented a Burundian driver's license and identification card with his asylum application. However, he was also in possession of a Rwandan passport stating that he was born in Uganda, and provided similar information on his United States visa application. The IJ found these inconsistencies in Kibedi's identity of fundamental importance because "if he is claiming asylum, there has to be a particular country that he claims asylum from . . . ."

Kibedi was questioned about the inconsistencies in his documentation and provided several explanations, including that he had been instructed that, in order to obtain a Rwandan passport, he would need to state that he was born in Uganda, and that he needed to present himself as Rwandan in order to obtain employment with the United Nations. The IJ and BIA did not address these explanations. This

4

was error. *See Soto-Olarte,* 555 F.3d at 1091. The IJ also discredited and declined to consider Kibedi's Burundian documentation without explanation, instead giving weight to Kibedi's Rwandan passport. We have previously held that an IJ "ha[s] a responsibility to make findings, based on the individual documents and the circumstances surrounding them, and concerning the reliability of the evidence, before she reject[s] the items." *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000). Because the IJ did not properly consider Kibedi's reasoned explanations for his various identity documents, nor properly address his Burundian documents, the IJ and BIA committed legal error, and therefore the inconsistencies in Kibedi's identity cannot support the adverse credibility finding.

For all of the above reasons we grant the petition and remand to the BIA on an open record for further proceedings consistent with this disposition.[1]

 **PETITION GRANTED and REMANDED.**

---

[1]Although Kibedi appealed the denial of his CAT claim to the BIA, the BIA affirmed on independent grounds, holding that the evidence Kibedi presented "does not suggest that he was tortured in the past in Rwanda, Uganda or Burundi or that any government official in Rwanda, Uganda or Burundi would likely torture him upon his return or acquiesce . . . in his torture by others." Kibedi does not address this holding, or his CAT claim, on appeal and we therefore deem it abandoned. *Zetino v. Holder*, 622 F. 3d 1007, 1011 n.1 (9th Cir. 2010).